IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> CONSTRUCTION SERVICES OF CENTRAL ILLINOIS, LLC, an Illinois limited liability company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 15-cv-9816 <br> ) <br> ) Judge <br> ) <br> ) Magistrate Judge <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND, by their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT, PAUL M. EGAN, and ARNOLD AND KADJAN, complain against Defendant, CONSTRUCTION SERVICES OF CENTRAL ILLINOIS, LLC, an Illinois limited liability company, as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174

CARPENTERS WELFARE FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

    (b)    The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the Collective Bargaining Agreement with the Union.

    (c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, **CONSTRUCTION SERVICES OF CENTRAL ILLINOIS, LLC, ("CSCI")** is an Illinois limited liability company and is doing business within this Court's jurisdiction.

    (b)    **CSCI** is an employer engaged in an industry affecting commerce.

5.    Since January 1, 2014, or before, **CSCI** entered into successive Collective Bargaining Agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees.

6.    By virtue of certain provisions contained in the Collective Bargaining Agreements, **CSCI** is bound by the Trust Agreement establishing the Funds.

7.    Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, **CSCI** is required to make contributions to the Funds on behalf of its employees.

8.    Under the terms of the Collective Bargaining Agreements and Trust Agreements

to which it is bound, **CSCI**, when given reasonable notice by Plaintiffs or their representatives, is required to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

9. Plaintiffs' auditor wrote a letter to and left multiple phone messages with **CSCI** to inform it that the Funds wished to audit its records to ensure contribution compliance. However, **CSCI** failed to respond to any of the auditor's communications.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Entry of an order commanding **CSCI** to submit to an ERISA fringe benefit contributions audit from January 1, 2014 to the present.

B. Judgment be entered on all amounts determined to be due by the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreement and ERISA Section 502(g)(2).

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

                                                      Respectfully submitted,
                                                      **TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS, et al.**

                                                      By: s/Andrew S. Pigott
                                                          One of their Attorneys

Donald D. Schwartz
Andrew S. Pigott
**ARNOLD AND KADJAN**
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415